IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERTA KAOHI; LEILA MEI N. MATAGIESE, Individually, and as Next Friend for N.P.K., a minor, age 17; GAYLYN K. TURALDE; ALRON K. KAOHI; MAILE A. KAOHI; and DAWN NAKAMITSU, | ) ) ) ) ) ) ) ) | CIVIL NO. 15-00266 SOM-RLP FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION TO REMAND |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; HAWAI'I PERMANENTE MEDICAL GROUP, INC.; KAUAI MEDICAL CLINIC; HAWAI'I PACIFIC HEALTH; HAWAI'I PACIFIC HEALTH PARTNERS, INC.; CLINICAL LABORATORIES OF HAWAII, LLP; PAN PACIFIC PATHOLOGISTS, LLC; and DOE Defendants 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION TO REMAND[1]

Before the Court is Plaintiffs' Motion to Remand, filed July 30, 2015 ("Motion").  ECF No. 12.  Plaintiffs assert that removal of this action from state court was improper because

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Hawai'i Permanente Medical Group (collectively "Kaiser Defendants") have failed to show that Plaintiffs' claims present a question of federal law.  The Kaiser Defendants filed an Opposition to Plaintiffs' Motion on August 13, 2015.  ECF No. 20.  Defendants Hawai'i Pacific Health, Hawai'i Pacific Health Partners, Inc., and Kauai Medical Clinic, and Defendants Clinical Laboratories of Hawaii, LLP and Pan Pacific Pathologists, LLC filed Statements of No Position in response to Plaintiffs' Motion on August 5, 2015, and August 10, 2015, respectively.  ECF No. 15; ECF No. 18.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 14.  After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was not properly removed and RECOMMENDS that the district court GRANT Plaintiffs' Motion.

## BACKGROUND

Plaintiffs commenced this action in the Circuit Court of the Fifth Circuit, State of Hawaii, alleging four claims: medical negligence, breach of duty of care, *respondeat superior* (alternatively joint enterprise or apparent authority), and negligent infliction of emotional distress against Defendants, based on medical treatment that Plaintiff Roberta Kaohi received

2

from Defendants between 2012 and 2014 for cancer in her left ear that has metastasized.  ECF No. 12-3, Compl. ¶¶ 29-70.  The Kaiser Defendants filed a Notice of Removal on July 14, 2015. ECF No. 1.  The Kaiser Defendants maintain that Plaintiffs' claims either "arise under" or are completely preempted by the Medicare Act, a federal law, and therefore present a properly removable federal question.  ECF No. 1 ¶ 8.  In their Motion, Plaintiffs argue that removal was not proper because the Medicare Act does not preempt their claims, which are based on state law. ECF No. 12.  Plaintiffs argue in the alternative that if the Court concludes that there is a preempted claim under the Medicare Act, the Court should decline to exercise supplemental jurisdiction over any remaining state law claims against Defendants.  Id.

## DISCUSSION

Removal of an action from state court to federal court is proper if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  Under 28 U.S.C. Section 1447(c), a party may bring a motion to remand to challenge removal.  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected

if there is any doubt as to the right of removal in the first instance."). The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The issue of whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule." See Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). The rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 392. However, the "complete preemption doctrine" is an exception to the "well-pleaded complaint rule" and applies where the "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. at 393 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). Further, a state law claim may also "arise under" the Medicare Act, creating a federal question independent of whether there is complete preemption, if either: (1) both the standing and the substantive basis of the claim is the Medicare Act; or (2) if the claim is "inextricably

4

intertwined" with a claim for Medicare benefits.  See Heckler v. Ringer, 466 U.S. 602, 614-15 (1984); Do Sung Uhm v. Humana, Inc., 620 F.3d 1134 (9th Cir. 2010); Kaiser v. Blue Cross of Cal., 347 F.3d 1107 (9th Cir. 2003).  However, claims do not "arise under" the Medicare Act where plaintiffs are "at bottom not seeking to recover benefits" and where the injury complained of cannot be "redressed at all via the Medicare Act's administrative review process."  Ardary v. Aetna Health Plans of Cal., Inc., 98 F.3d 496, 500 (9th Cir., 1996); Quinones v. UnitedHealth Grp. Inc., No. CIV. 14-00497 LEK, 2015 WL 3965961, at *6 (D. Haw. June 30, 2015) (citing Uhm, 620 F.3d at 1142).

### A.  Complete Preemption

As an initial matter, the Court rejects the Kaiser Defendants' assertion that there is a "presumption" of preemption under the Medicare Act.  ECF No. 20 at 25.  No such standard exists in the case law, and the Kaiser Defendants have failed to point to sufficient legal authority to support their assertion. As noted above, the standard for whether a plaintiff's state law claim is converted into a federal claim for the purpose of conferring federal court jurisdiction is whether the "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  See Caterpillar, Inc., 482 U.S. at 393.  The Supreme Court has only

found that a federal statute completely preempts state law claims in three instances:  Section 301 of the Labor Management Relations Act, Section 1132 of the Employee Retirement Income Security Act, and Sections 85 and 86 of the National Bank Act. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003).

The Kaiser Defendants have not met their burden of showing that Congress intended to completely preempt state common law claims within the scope of the Medicare Act.  The Ninth Circuit has held that "at least some common law claims" are preempted by the Medicare Act, but has not held that the Medicare Act completely preempts all state law claims.  See Uhm, 620 F.3d at 1155; See also Parra v. PacifiCare of Ariz., 715 F.3d 1146, 1155 (9th Cir. 2013) (holding that the Medicare Act did not completely preempt disputes over insurance proceeds).  While the Kaiser Defendants discuss the broad scope of Medicare regulations and the 2003 expansion of the Medicare Act's preemption provision, 42 U.S.C. Section 1395w-26(b)(3), they fail to provide any specific evidence that Congress intended to completely preempt *all* state law tort claims.  See ECF No. 20 at 16, 23. This Court therefore finds that the Medicare Act does not completely preempt Plaintiffs' state law claims because the Kaiser Defendants have failed to show that the preemptive force of the Medicare Act "is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal

6

claim for purposes of the well-pleaded complaint rule.'"   See
Caterpillar, Inc., 482 U.S. at 393.

### B.   The "Arises Under" Test

Having found that Plaintiffs' state law claims are not
completely preempted by the Medicare Act, the Court must still
determine whether Plaintiffs' claims "arise under" the Medicare
Act.[2]   The Supreme Court has indicated that state law claims
"arise under" the Medicare Act in two circumstances:  (1) where
both the standing and the substantive basis of the claim is the
Medicare Act; or (2) if the claim is "inextricably intertwined"
with a claim for Medicare benefits.   See Heckler, 466 U.S. at
614-15; See also Ardary, 98 F.3d at 499.

### 1.  Standing and Substantive Basis

The first circumstance where a claim "arises under" the
Medicare Act is where "both the standing and substantive basis
for the presentation" of the claim for relief is the Medicare
Act.   Heckler, 466 U.S. at 615.   A plaintiff's claims do not
"arise under" the Medicare Act where "*both* the standing and the
substantive basis for the presentation" of a plaintiff's claims
is not the Medicare Act.   Ardary, 98 F.3d at 499 (internal

_____

[2] The Court disagrees with Plaintiffs' assertion that
"Heckler's two-part test" is the standard for establishing
complete preemption in the Medicare Act context.  ECF No. 21 at
8.  It is an independent test for determining whether a state law
claim arises under the Medicare Act without regard to complete
preemption.

quotations omitted) (holding plaintiff's state law claims for
negligence, negligent infliction of emotional distress,
misrepresentation, and professional negligence were improperly
removed because they did not arise under the Medicare Act).
Plaintiffs here seek general and punitive damages for Defendants'
allegedly negligent conduct.  ECF No. 12-3, Compl. ¶¶ 58-70.  The
standing for Plaintiffs' claims in this case is derived from
state law, not the Medicare Act, and the substantive basis of the
claims is state tort law, not the Medicare Act.

       To the extent the Kaiser Defendants challenge the
applicability of Ardary in this case, these arguments fail.  See
ECF No. 20 at 25.  The Kaiser Defendants can point to no specific
evidence that Congress or the Ninth Circuit intended to abrogate
Ardary.  On the contrary, the Ninth Circuit has twice reaffirmed
the Ardary court's application of the "arising under" test,
insofar as it applies to "patients and torts committed in the
sale or provision of medical services" since the expansion of the
Medicare Act preemption provision.  See Uhm, 620 F.3d at 1142
("Our opinion in Ardary, . . . is also instructive."); Kaiser,
347 F.3d 1113 (finding Ardary limited but still applicable to
cases involving "patients and torts committed in the sale or
provision of medical services").  This action involves a patient
and torts committed in the sale or provision of medical services.
Because Plaintiffs seek general and punitive damages based on

8

state common law theories and not the Medicare Act, the Court
finds that both the standing and substantive basis for the claims
is not the Medicare Act and the claims do not "arise under" the
Act. See Heckler, 466 U.S. at 615; Ardary, 98 F.3d at 499.

### 2. Inextricably Intertwined

The second circumstance where a claim "arises under"
the Medicare Act is where the claim is "inextricably intertwined"
with a claim for Medicare benefits. Id. Claims are
"inextricably intertwined" with a claim for benefits when
plaintiffs are "at bottom" seeking to recover Medicare benefits.
Ardary, 98 F.3d at 500 (citing Heckler, 466 U.S. at 614).
Plaintiffs here seek damages for injuries suffered as a result of
Defendants' conduct in providing allegedly negligent medical care
to Plaintiff Roberta Kaohi. Plaintiffs do not request any relief
that would require a determination of benefits or oversight by
the Court over Medicare policies and procedures, nor would a
determination of Plaintiffs' state law claims undermine Medicare
standards. Therefore, Plaintiffs' claims are not "inextricably
intertwined" with a claim for Medicare benefits and do not "arise
under" the Medicare Act. See Kaiser, 347 F.3d 1107; Ardary, 98
F.3d 496; Quinones, No. CIV. 14-00497 LEK, 2015 WL 3965961.

Although Plaintiffs do make some allegations regarding
the Kaiser Defendants' record system in their request for
punitive damages, see ECF No. 12-3, Compl. ¶¶ 98-111, Plaintiffs

9

do not, contrary to the Kaiser Defendants' assertions, request relief that would "requir[e] that Kaiser implement a 'system' under Plaintiff Kaohi's Medicare plan," nor is the Kaiser Defendants' electronic record system the "primary issue" in this case.  ECF No. 20 at 21, 22.  Plaintiffs' claims may well be "predicated upon" the Kaiser Defendants' failure to manage Plaintiff Roberta Kaohi's medical records as effectively as what Kaiser allegedly advertised, but that does not change the fact that "at bottom" Plaintiffs are not seeking the recovery of any Medicare benefits or of anything that would require this Court's oversight of Medicare policies and procedures.  See Uhm, 620 F.3d at 1152; Ardary, 98 F.3d at 500; See also Quinones, No. CIV. 14-00497 LEK, 2015 WL 3965961, at *6 (holding that some of the plaintiff's state law claims arose under the Medicare Act because he requested injunctive and declaratory relief that would require oversight of Medicare policies and procedures).  The Kaiser Defendants have not pointed to any particular standards in the Medicare Act or promulgated by the Centers for Medicare and Medicaid Services ("CMS") that would be undermined by a determination as to Plaintiffs' state law claims.  See Uhm, 620 F.3d at 1152 (finding that application of state statutory law to plaintiff's claims "could potentially undermine the [Medicare] Act's standards as to . . . marketing.")

The injuries complained of by Plaintiff Roberta Kaohi

also cannot "be redressed at all via the Medicare Act's administrative review process." Id. at 1142; See also Quinones, No. CIV. 14-00497 LEK, 2015 WL 3965961 at *6.   Plaintiff Roberta Kaohi's metastasized cancer is a permanent and severe harm, which is distinguishable from the temporary harms alleged in Uhm and Quinones, where a retroactive payment or provision of benefits could remedy at least some of the injuries of which plaintiffs complained.   See Uhm, 620 F.3d 1134 (injury was a failure to be enrolled in a prescription drug plan); Quinones, No. CIV. 14-00497 LEK, 2015 WL 3965961 (injury was a delay in receiving a personal mobility device).   Here, an administrative determination of Plaintiff Roberta Kaohi's benefits seems particularly inapt, as a retroactive payment or authorization of any such benefits cannot redress her alleged injuries.

        The Court therefore finds that Plaintiffs' claims do not "arise under" the Medicare Act because they are not "inextricably intertwined" with a claim for Medicare benefits. See Heckler, 466 U.S. at 614; Ardary, 98 F.3d 496.   Plaintiffs are not, "at bottom" seeking to recover benefits or requesting relief that would undermine Medicare or CMS standards by requiring judicial oversight of Medicare policies or procedures. See Ardary, 98 F.3d at 500; Quinones, No. CIV. 14-00497 LEK, 2015 WL 3965961, at *6.

        Having found that Plaintiffs' state law claims do not

have both their standing and substantive basis in the Medicare Act and are not "inextricably intertwined" with the Act, this Court finds that Plaintiffs' claims do not "arise under" the Medicare Act.  <u>See</u> <u>Heckler</u>, 466 U.S. 602; <u>Ardary</u>, 98 F.3d 496. Therefore, Plaintiffs' claims present no federal question jurisdiction and removal was improper.

CONCLUSION

The Court FINDS that Defendants improperly removed this action and RECOMMENDS that the district court GRANT Plaintiffs' Motion to Remand this action to the Fifth Circuit, State of Hawaii.  <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 31, 2015.

Richard L. Puglisi
United States Magistrate Judge


**KAOHI, ET AL. V. KAISER FOUND. HEALTH PLAN, ET AL.; CIVIL NO. 15-00266 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION TO REMAND**