IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERTA KAOHI; LEILA MEI N. MATAGIESE, individually and as next friend of N.P.K, a minor, age 17; GAYLYN K. TURALDE; ALRON K. KOAHI; and DAWN NAKAMITSU,<br><br>        Plaintiffs<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; HAWAII PERMANENTE MEDICAL GROUP, INC.; KAUAI MEDICAL CLINIC, a Hawaii corporation; HAWAII PACIFIC HEALTH, a Hawaii corporation; HAWAII PACIFIC HEALTH PARTNERS, INC., a Hawaii corporation; CLINICAL LABORATORIES OF HAWAII, LLP, a Hawaii limited liability partnership; PAN PACIFIC PATHOLOGISTS, LLC, a Hawaii limited liability corporation; and DOE Defendants 1-100,<br><br>        Defendants | CIVIL NO. 15-00266 SOM/RLP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT THIS CASE BE REMANDED TO STATE COURT |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT
THIS CASE BE REMANDED TO STATE COURT**

**I.       INTRODUCTION.**

        This is a medical malpractice case.  Before the court are objections to the Magistrate Judge's recommendation that this case, earlier removed to this court, be remanded to state court.

This court overrules the objections and adopts the remand recommendation.

**II.        FACTUAL BACKGROUND ALLEGED IN COMPLAINT.**

The Complaint in this matter was filed in state court on June 8, 2015.  It alleges:

> 26. This medical negligence claim alleges generally that Defendants, and each of them, individually and by and through their employees/agents/borrowed employees violated/breached the applicable standards of care expected of healthcare professionals and healthcare delivery systems through their failure to appropriately evaluate, follow-up, diagnose and treat Plaintiff ROBERTA KAOHI's squamous cell cancer.  These violations/breaches, collectively and individually, were substantial factors in causing Plaintiff ROBERTA KAOHI to suffer serious and permanent harms and losses/damages as alleged herein.
>
> 27. More specifically, the claims herein arise from Defendants' failures to:
>
>     a. create a system whereby if a patient's medical tests confirm cancer, standard of care treatment options must be offered in an expedient fashion;
>
>     b. appropriately evaluate, follow-up and diagnose Plaintiff ROBERTA KAOHI's cancer;
>
>     c. inform Plaintiff ROBERTA KAOHI and her physicians that Roberta had cancer;
>
>     d. initiate timely and appropriate standard of care treatment of Roberta's cancer; and
>
>     e. provide Roberta with timely standard of care treatment options; and

>           f. fully and accurately tell Roberta the
>      statistical likelihood of survival and
>      outcomes of the available options to treat
>      Roberta's cancer.
>
>      28. The lengthy and unjustifiable delay
>      between discovery of Roberta's cancer and
>      initiation of treatment allowed Roberta's
>      cancer to metastasize thereby causing:
>
>           a. grievous harm to Roberta's body;
>
>           b. Roberta to have a greatly reduced
>      likelihood of survival and life
>      expectancy;
>
>           c. Roberta to have to undergo more
>      invasive and detrimental treatment that
>      would have not been necessary if Roberta's
>      cancer was treated timely; and
>
>           d. extreme mental and emotional distress
>      and agony for Roberta and her
>      children and family.

ECF No. 1-1, PageID #s 17-18.

The Complaint also alleges that, on June 28, 2012, Kaohi, a resident of Kauai, went to her primary care physician, Dr. Mitchell C. Jenkins, for ear drainage. Dr. Jenkins noticed a 5 mm x 3 mm nodule in Kaohi's ear. See id., PageID #s 18-19. Dr. Jenkins referred Kaohi to an ear, nose, and throat specialist, Dr. H. Roger Netzer, who, on July 12, 2012, removed the nodule. The removed tissue was sent to Pan Pacific Pathologists, LLC, or Clinical Laboratories of Hawaii, LLP, which determined that it was a squamous cell carcinoma. See id., PageID #s 18-19. Somehow, this finding was not communicated to Kaohi's physician, who therefore neither told Kaohi that she had

cancer nor took steps to treat the cancer.  See id., PageID # 20-21.

Sixteen months later, on November 7, 2013, Kaohi saw Dr. Jenkins for a reoccurrence of the nodule in her ear.  Dr. Jenkins again referred her to Dr. Netzer.  See id., PageID #s 21-22.  Dr. Netzer removed the nodule and sent it again to the lab for testing.  Once again, the lab determined that the mass was a squamous cell carcinoma.  See id., PageID #s 22-23.  This time, the pathologist contacted Dr. Netzer, notifying him on November 19, 2013, of the cancer finding.  That same day, Dr. Netzer told Kaohi about the cancer and ordered a CT scan.  See id., PageID # 23.  On November 26, 2013, Dr. Netzer received the results of the CT scan and transferred her care from Kauai to Kaiser Moanalua, on Oahu.  See id., PageID #s 23-24.  An invasive squamous cell carcinoma was found in Kaohi's neck on December 20, 2013.  Id., PageID # 25.

The Complaint then alleges that, "Defendant KAISER convinced Roberta that the treatment options were so invasive, hazardous, painful and unlikely to provide long-term benefit that Roberta opted to simply plan to die from her cancer rather than seeking treatment options that gave her the best chance for survival and recovery from her cancer."  Id., PageID # 26.

The Complaint was originally filed in the Circuit Court of the Fifth Circuit, State of Hawaii.  It contains claims of

negligence and negligent infliction of emotional distress, and seeks damages for Kaohi's past and future medical expenses, mental and physical suffering, loss of enjoyment of life and reduction in life span, as well as punitive damages.  Kaohi's children seek damages for their emotional distress and loss of consortium.

Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Hawaii Permanente Medical Group, Inc. (collectively "Kaiser"), removed the case to this court on July 14, 2014.  Plaintiff filed a motion to remand.  The Magistrate Judge assigned to this case issued Findings of Fact and Conclusions of Law, recommending that the matter be remanded. Kaiser filed objections, arguing that the case arises under the Medicare Act such that this court has jurisdiction.  Because this court agrees that this case is a medical malpractice case that does not seek HMO benefits such that it arises under the Medicare Act, the court remands the case to the Circuit Court of the Fifth Circuit, State of Hawaii.

**III.     STANDARD.**

A district judge reviews <u>de novo</u> those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule

74.2.  In other words, a district judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  Freeman v. DirectTV, Inc., 457 F.3d 1001, 1005 (9th Cir. 2006).

The district judge may accept those portions of the findings and recommendation that are not objected to if the district judge is satisfied that there is no clear error on the face of the record.  United States v. Bright, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).  The district judge may receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  The district judge may also consider the record developed before the magistrate judge.  Local Rule 74.2.  While the district judge must arrive at independent conclusions about those portions of the magistrate judge's report to which objections are made, a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); Bright, 2009 WL 5064355, *3; Local Rule 74.2.

**IV.     ANALYSIS.**

Before the court are objections to the thorough and well-reasoned Findings and Recommendation to Grant Plaintiff's Motion to Remand ("F&R").  The Magistrate Judge recommended that this case be remanded to state court.  See ECF No. 24 (Findings and Recommendation to Grant Plaintiff's Motion to Remand), and 25

(objections to same).  After de novo review, the court adopts the F&R and remands this matter to  the Circuit Court of the Fifth Circuit, State of Hawaii.

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction.  28 U.S.C. § 1441(a).  That is, a civil action that could have originally been brought in federal court may be removed from state to federal court.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, 482 U.S. at 392.  A plaintiff is therefore the master of the plaintiff's claims and, in the absence of diversity jurisdiction, may avoid federal jurisdiction by exclusive reliance on state law.  Id.  Whether this court has jurisdiction over the claims asserted in the Complaint turns on whether the claims asserted in it arise under

the Medicare Act, which creates a federal question for purposes of this court's jurisdiction.

In Ardary v. Aetna Health Plans of California, Inc., 98 F.3d 496, 498 (9th Cir. 1996), the Ninth Circuit explained:

> The Medicare Act ("Act") is found in Part A of Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. The Act provides insurance for the cost of hospital and related post-hospital expenses, but precludes reimbursement for services which are not "reasonable and necessary" for the diagnosis or treatment of illness or injury.
>
> Section 405(g) of Title 42, which falls within a different section of the Social Security Act, provides for judicial review of old-age and disability claims only after the Secretary of Health and Human Services renders a "final decision" on the claim. Pursuant to 42 U.S.C. § 1395ff(b), this provision is expressly incorporated into those portions of the Act which apply to HMOs. Pursuant to her rulemaking authority, the Secretary has provided that a "final decision" is rendered on a Medicare claim only after the individual claimant has pressed his claim through all designated levels of administrative review.

Ardary involved claims arising out of a Medicare plan's refusal to authorize airlift transportation for Cynthia Ardary from Bear Valley Community Hospital to Loma Linda University Medical Center, which allegedly could have provided better treatment for her heart attack. Id. at 497. Cynthia Ardary's husband and children filed a wrongful death suit. Id. at 498. Although the complaint did not seek Medicare benefits, all of the claims asserted were "predicated on" the Medicare plan's failure

to authorize the air transportation.  Id.  The defendants removed the case, then filed a motion to dismiss, arguing that the plaintiffs' exclusive remedy for claims relating to the denial of Medicare benefits was through the administrative appeals process. The federal district court dismissed the complaint.  Id.  On appeal, the Ninth Circuit noted that whether the plaintiffs in Ardary were allowed to proceed in court or whether they were required to go through the exclusive administrative review process under the Medicare Act turned on whether the state-law claims arose under the Medicare Act.  Id. at 499.

The Ninth Circuit concluded that the Ardarys' claims did not "arise under" the Medicare Act.  First, the complaint asserted claims of

> negligence, intentional and/or negligent
> infliction of emotional distress, intentional
> and/or negligent misrepresentation, and
> professional negligence.  The standing for
> these six claims are state common law
> theories and not the Act.  Second, the state
> law claims are not "inextricably intertwined"
> with the denial of benefits.  Although the
> Ardarys concede that their wrongful death
> complaint is "predicated on" Arrowest's
> failure to authorize the airlift transfer,
> the claims are not "inextricably intertwined"
> because the Ardarys are at bottom not seeking
> to recover *benefits*.

Id. at 500.  Ardary therefore determined that the federal district court had improperly exercised jurisdiction over the case in dismissing it because the Medicare Act provided the exclusive remedy for the claims.  Because the claims did not

"arise under" the Medicare Act, the action was improperly removed. Id. at 502.

In Uhm v. Humana, Inc., 620 F.3d 1134 (9th Cir. 2010), the Ninth Circuit once again discussed whether a claim "arises under" the Medicare Act. In that case, the plaintiffs enrolled in and paid their monthly premiums but did not receive prescription drug benefits under Medicare Part D. Instead, they were told that they were "not recognized as members of Humana" and forced to pay out-of-pocket for two months of prescription drugs. Id. at 1138-39. The plaintiffs filed suit, claiming a breach of contract, fraud, unjust enrichment, and violation of state consumer protection laws. Id. at 1139. The district court concluded that the Medicare Act's administrative process was the exclusive remedy for the plaintiff's claims. Id.

> On appeal, the court stated:
>
> The key inquiry in determining whether § 405(h) requires exhaustion before we can exercise jurisdiction is whether the claim "arises under" the Act. Ardary, 98 F.3d at 499 (citing Heckler, 466 U.S. at 614-15, 104 S. Ct. 2013). Accordingly, we must determine whether any of the Uhms' state law claims "arises under" the Medicare Act. If so, we cannot exercise subject matter jurisdiction until those claims are properly exhausted. Id. at 498-99.

Id. at 1141. The Ninth Circuit noted that "cleverly concealed claims for benefits" "arise under" the Medicare Act. Id.

10

Examining Ardary, the court concluded that, "where, at bottom, a plaintiff is complaining about the denial of Medicare benefits—here, drug benefits under Part D—the claim 'arises under' the Medicare Act." Id. at 1142-43. With respect to the breach of contract and unjust enrichment claims, the Ninth Circuit determined that they were "at bottom, merely creatively disguised claims for benefits" such that they arose under the Medicare Act. Id. at 1143.

Kaiser concedes that the F&R states the correct standard for determining whether a claim "arises under" the Medicare Act. The Medicare Act is implicated when "(1) both the standing and the substantive basis of the claim is the Medicare Act; or (2) if the claim is 'inextricably intertwined' with a claim for Medicare benefits." ECF No. 25, PageID # 257; ECF No. 24, PageID #s 233-34 (citing Heckler v. Ringer, 466 U.S. 602, 614-15 (1984)).

Kaiser baldly claims that the Complaint in this case contains "creatively disguised claims for benefits" akin to those in Uhm. But Kaiser does not demonstrate what benefits are in issue or how the administrative process could affect any of the claims through a decision about a Medicare benefit. At most, Kaiser points to paragraph 99 of the Complaint, in which Plaintiffs allege that Kaiser advertises that it has an "electronic medical record system which supposedly makes a

11

patient's past medical information, care, and medical testing results available to all of Defendant KAISER's physicians and healthcare providers," but that Kaiser did not spend the time and money to ensure that Kaiser's HMO on Kauai "would make sure that a positive cancer finding, such as that for Plaintiff ROBERTA KAOHI herein, would be noticed, acted upon, and standard of care treatment options offered in a timely fashion." ECF No. 1-1, PageID # 33. Kaiser fails to show that the "electronic medical record system" is a Medicare benefit. Moreover, no claim is predicated on the failure to have an "electronic medical record system." Instead, the claims are based on Kaiser's failure to ensure that the laboratory's finding of cancer was communicated to Kaohi or her doctors.

The court is similarly unpersuaded by Kaiser's argument that, because the Complaint alleges that Kaiser cut costs at the expense of patients, the Medicare Act's requirement that HMOs control costs is implicated. The allegations of cost-cutting do not allege or suggest that costs were cut because of the Medicare Act. Nor does any prayer for punitive damages establish, as Kaiser argues, that this is a Medicare case. Alleged corporate decisions to cut corners and punitive damage requests do not, without more, render this a case arising out of the Medicare Act.

Plaintiffs' claims arise out of Kaiser's alleged failure to properly diagnose and treat Kaohi's cancer. This case

does not involve "creatively disguised claims" for Medicare benefits.  It instead involves medical malpractice-type claims.  Neither Plaintiffs' standing nor any substantive basis for any of Plaintiffs' claims implicates the Medicare Act.  Nor are Plaintiffs' claims "inextricably intertwined" with any claim for Medicare benefits.  Unlike the plaintiffs in Uhm, Plaintiffs are not seeking any Medicare benefit at all.  They are instead seeking compensation for the alleged failure to properly treat and diagnose Kaohi's cancer.

The court is similarly unpersuaded by Kaiser's reference to "Congress' strengthening of Medicare's broad preemptive scope in 1997, and again in 2003."  See ECF No. 25, PageID # 257.  Kaiser fails to discuss how any amendment to the preemptive scope of the Medicare Act transforms a medical malpractice claim into one for benefits under the Medicare Act.

While Kaiser invites this court to rule on the merits of Plaintiffs' claims before remanding the case to state court, this court, determining that there is no federal question and noting an apparent lack of diversity jurisdiction, refuses the invitation.

**V.      CONCLUSION.**

Because no claim for any benefit under the Medicare Act is at issue, the court determines that this case was improperly

removed.  The court adopts the F&R and remands the case to the Circuit Court of the Fifth Circuit, State of Hawaii.

In addition to sending a copy of this order to the parties in this matter, the Clerk of the Court is directed, pursuant to 28 U.S.C. § 1447, to send a certified copy of this remand order to the Clerk of the Fifth Circuit Court, State of Hawaii.  The Clerk of Court is additionally directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 27, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District

Kaohi, et al. v. Kaiser Foundation Health Plan, et al.; Civil No. 15-00266 SOM/RLP;
ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT THIS CASE BE REMANDED TO STATE COURT